UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

_____
                                       )
IN RE:       CYRIL MICHAEL RICKWALDER  )       Case No. 16-10289
                                       )
             Debtor.                   )       Chapter 7
_____ )

### DEBTOR'S MOTION TO APPOINT LIMITED GUARDIAN OR "NEXT FRIEND"

The Debtor, Cyril M. Rickwalder, by counsel, files this, pursuant to Rule 1004.1, his Motion to Appoint Limited Guardian as Litem or "Next Friend" and in support thereof, states as follows:

1. This case, filed on January 28, 2016, is a case under chapter 7 of the Bankruptcy Code.

2. The Debtor, Mr. Rickwalder, is impaired by reason of mental illness or mental deficiency so that he is incapable of realizing and making rational decisions with respect to his financial responsibilities.

3. Mr. Rickwalder has been diagnosed with Alzheimer degenerative dementia with delirium dementia and has become incompetent. A copy of the diagnosis is attached as Exhibit 1.

4. The petition was signed by Janay Rickwalder, who was acting under Durable Power of Attorney given to her by Cyril Rickwalder on April 17, 2015. A copy of the Durable Power of Attorney was filed at the same time as the petition [doc. 3].

Argument

Rule 1004.1 of the Federal Rules of Bankruptcy Procedure ("FRBP") provides that "the court shall appoint a guardian ad litem for an infant or incompetent person who is a debtor and is not otherwise represented or shall make any other order

1

to protect the infant or incompetent debtor." *In re Whitehead*, 2005 Bankr. LEXIS 1467 (4th Cir July 22, 2005)(citing FRBP 1004.1).

In *Whitehead*, The Fourth Circuit decided that, much like Fed. R. Civ. P. 17(c), the Bankruptcy Court must look to state law to determine 'incapacity." The Fourth Circuit concluded that the Debtor was incompetent and that was is in the best interest of the Debtor to appoint a guardian ad litem for the limited purposes of making decisions for the Debtor in the administration of her bankruptcy proceeding and to execute the appropriate documents on behalf of the Debtor to effect the sale of certain property by the Trustee.

Va. Code §64.2-2000 defines 'Incapacitated Person" as an adult who has been found by a court "to be incapable of receiving and evaluating information effectively or responding to people, events, or environments to such an extent that the individual lacks the capacity to . . .(ii) manage property or financial affairs or provide for his support . . . without the assistance or protection of a conservator." *Id.*

Mr. Rickwalder's Alzheimer's and Dementia have advanced to the point that, though he had been living with Ms. Janay Rickwalder's family, that they were no longer able to care for him and he was moved to an assisted living facility.   The doctor's at the assisted living facility have recommended he be moved to their memory care wing, which will occur at such time a room opens.   He is unable to manage property, financial affairs, or provide for his support with the assistance of a conservator.

Judge St. John encountered the same issue recently in *In re Williams*, Case No. 15-72070.   In that case, Judge St. John granted the Debtor's request to appoint a representative without issuing a memorandum opinion. Judge St. John's Order is attached as Exhibit 2.

It is in the best interest of the debtor that Ms. Janay Rickwalder, who already holds Durable Power of Attorney on behalf of the Debtor, be appointed by this Court as Guardian ad Litem for the limited purpose of making decisions for the Debtor in the administration of his bankruptcy proceeding and execute the appropriate documents on behalf of Mr. Rickwalder.

WHEREFORE, in the interests of justice and convenience of the debtor, Mr. Cyril Rickwalder, through counsel, respectfully requests that the Court appoint Janay Rickwalder as limited guardian ad litem or "next friend" *nunc pro tunc*, in order to protect the interest of the Debtors, advance the goals of the Bankruptcy Code and promote judicial economy and efficiency.

Date: January 29, 2016

Respectfully submitted,
SUROVELL, ISAACS, PETERSEN, & LEVY PLC

  /s/ Nathan D. Baney
Nathan D. Baney, Esq.   (V.S.B. No. 75935)
4010 University Ave., 2nd Floor
Fairfax, Virginia   22030
Direct:   (703) 277-9768
nbaney@siplfirm.com

## **CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on this, 29th day of January, 2016 that a true copy of the foregoing has been served via the Court's CM/ECF system on all parties receiving notice thereunder including the following:

United States Trustee, Region 4
115 South Union Street, Suite 210
Alexandria, Virginia   22314

Kevin McCarthy
Chapter 7 Trustee
McCarthy & White, PLLC
1751 Pinnacle Drive, Suite 1115
McLean, VA   22102

                                              ___/s/ Nathan D. Baney